UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:19cr212 (SRU) |
| | : | |
| v. | : | |
| | : | |
| JAMES FARRELL | : | November 12, 2019 |
| | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

**Introduction**

On August 28, 2019 the defendant pleaded guilty to one felony count of bank fraud. The PSR concluded that the total offense level is 16, the CHC is I, and the defendant is exposed to a term of incarceration of 21-27 months.[1] PSR ¶ 50. This calculation mirrors the parties' estimation contained the plea agreement.

After reviewing the Presentence Report and reviewing the defendant's brief, the government believes that there are no disputed issues of law or fact in this case. The Court must determine what is a fair and just sentence under 18 U.S.C. § 3553(a).

Sentencing is scheduled for November 19, 2019 at 3:30 pm.

---

[1] At sentencing, because the defendant has assisted authorities by timely notifying the Government of his intention to plead guilty, the Government intends to make an oral motion that the Court award the third point for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

**Offense Conduct**

For about 23 years, the defendant was the Chief Executive Officer of the New Haven County Credit Union.  After leaving that position, Farrell was retained by the NHCCU's Board of Directors to provide assistance to the new Chief Executive Officer of NHCCU.   He left NHCUU on March 14, 2016.

While at NHCCU, the defendant had access the credit union's general ledger account and could transfer funds from the general ledger into specific customer accounts.

From 2010 until 2016, in addition to working at NHCUU, FARRELL also provided financial and bookkeeping services to The Rib House, a restaurant located in East Haven, Connecticut.  The Rib House is operated by John Finkle, who is a criminal defendant in an unrelated case.  *See United States v. Finkle, Pedroli and Gold*, Case 3:19cr43 (JCH).  Farrell was primarily responsible for the financial transactions of the restaurant, such as depositing cash sales and paying invoices.  The Rib House maintained a business account at NHCCU.

From in or about July 2011 until in or about March 2016, the defendant defrauded NHCCU by transferring funds from NHCCU's general ledger account to the account held by The Rib House, without permission from NHCCU.  When he knew that The Rib House had a financial obligation it could not meet, FARRELL accessed the NHCCU general ledger account and transferred money into The Rib House account.  He then paid restaurant's bills with NHCCU's money.  This allowed The Rib House to pay its operating costs, including paying for taxes, food,

liquor and other operating expenses.

Between July 21, 2011 to March 14, 2016, FARRELL fraudulently transferred $602,908.96 from the NHCCU general ledger account primarily to The Rib House account and, to a lesser extent, for his personal benefit. During that same time period, FARRELL replenished $370,278.18 to the NHCCU general ledger account, leaving a shortfall of $232,630.78.

## Analysis of the § 3553(a) Factors

Section 3553(a) directs the district court to consider a number of factors in imposing a fair and just sentence. Each criminal case is different and emphasizes different combinations of § 3553(a) factors. In this matter, the government believes the most important § 3553(a) factors are the (1) the specific nature and circumstances of the offense, (2) promoting respect for the law and (3) general deterrence.

### The Nature and Circumstances of the Offense

The defendant's crime constitutes of a serious offense. At its core, it is a breach of trust. He was the CEO of the credit union and enjoyed access to its financial resources. He was entrusted with managing and protecting its money for the members, but instead decided to defraud them. He transferred hundreds of thousands of dollars from the general ledger account to the Rib House account. In the end, even though he attempted to balance the accounts as the Rib House received money, the credit union lost over $230,000. All of the money has since been repaid.

This scheme was not a crime of impulse or a momentary lapse in judgement.

The fraudulent transfers occurred over a period of five years, and continued even after he had left his CEO position. During this period of time, defendant made over 80 fraudulent transfers from the credit union's general ledger to the restaurant's account.

And although the defendant contends that he didn't personally profit from this scheme, he took $13,930.78 to pay the cell phone bills of his family members. Additionally, he took $9000 in cash from the credit union's cash drawers for his own use.  Like the fraudulent transfers to the Rib House, all of this money has been repaid to the credit union.

### The Sentence Must Promote Respect for the Law and Offer General Deterrence

The sentence in this case must reflect the seriousness of the offense committed by the defendant and promote respect for the law.   The amount of money the bank lost – over $200,000 -- is substantial in itself.   And the crime is made even more serious because the defendant exploited the computer access he enjoyed as the result of his employment.   He was trusted with access to move funds from the general ledger account to other specific customer accounts.   He repeatedly took money from the general ledger to pay the bills of the Rib House, the restaurant for which he did financial work.   And also he took money for himself and paid his family's cell phone bills.

Additionally, the court should consider general deterrence.   In essence, this was a crime committed by a financial insider against a small or medium business organization.   A sentence will serve to inform others who contemplate similar

crimes – that is fraud by insiders employed in similar organizations – that such actions will result a felony conviction and significant consequences.

## Conclusion

After considering the Sentencing Guidelines and the other sentencing factors under 18 U.S.C. § 3553(a), the Court should impose a fair and just sentence.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s

RAY MILLER
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT 20451
157 CHURCH STREET, 23RD FLOOR
NEW HAVEN, CT 06510
(203) 821-3700

## CERTIFICATE OF SERVICE

This is to certify that on November 12, 2019 a copy of the foregoing Memorandum was filed electronically.   Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s

Ray Miller
Assistant U.S. Attorney